# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Cedar Lane Technologies Inc.,

        Plaintiff,

    v.

Fantasia Trading LLC d/b/a AnkerDirect,

        Defendant.

C.A. No. 1:21-cv-01428-RGA

JURY TRIAL DEMANDED

---

## DEFENDANT FANTASIA TRADING LLC D/B/A ANKERDIRECT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

---

Zhun Lu (#4427)
**RIMON, P.C.**
200 Continental Drive, Suite 401
Newark, DE 19713
Telephone/Facsimile: (302) 688-7566
zhun.lu@rimonlaw.com

*Of Counsel:*

Jason Xu (*Pro Hac Vice Forthcoming*)
**RIMON, P.C.**
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone/Facsimile: (202) 470-2141
jason.xu@rimonlaw.com

*Attorneys for Defendant Fantasia Trading LLC d/b/a AnkerDirect*

Dated: November 29, 2021

# TABLE OF CONTENTS

Page

I.      NATURE AND STAGE OF THE PROCEEDINGS ................................................1

II.     SUMMARY OF ARGUMENT ...........................................................................1

III.    STATEMENT OF THE RELEVANT FACTS ........................................................2

IV.     LEGAL STANDARDS ...................................................................................3

        A.      Motion to Dismiss Under Rule 12(b)(6)......................................3

        B.      Direct Infringement.....................................................................3

        C.      Induced Infringement..................................................................4

        D.      Enhanced Damages......................................................................5

V.      ARGUMENT ...............................................................................................6

        A.      Cedar Lane Fails to Adequately Plead Direct Infringement.........6

        B.      Cedar Lane Fails to Adequately Plead Induced Infringement......9

                1.      Cedar Lane's Induced Infringement Claims Fail
                        Without Plausible Allegations of Direct Infringement......9

                2.      Cedar Lane Fails to Plead Pre-Suit Knowledge of the
                        Patents-in-Suit.....................................................................9

                3.      Cedar Lane Fails to Adequately Plead Fantasia's Specific Intent to
                        Induce Infringement.......................................................11

        C.      Cedar Lane Fails to Adequately Plead Willful Infringement ......12

        D.      The Induced Infringement and Enhanced Damages (If Any)
                Claims Should Be Dismissed With Prejudice...............................13

VI.     CONCLUSION..........................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AgroFresh Inc. v. Hazel Techs.*,
  C.A. No. 18-1486-MN, 2019 WL 1859296 (D. Del. Apr. 25, 2019) ................................... 3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................... 3

*Atrip v. Ball Corp.*,
  735 Fed. Appx. 708 (Fed. Cir. 2018) .................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................. 3, 11, 12

*In re Bill of Lading*,
  681 F.3d 1323 (Fed. Cir. 2012) .......................................................................................... 9

*Boston Sci. Corp. v. Nevro Corp.*,
  415 F. Supp. 3d 482 (D. Del. 2019) ............................................................................... 5, 13

*Callwave Communications LLC v. AT&T Mobility LLC*,
  2014 WL 5363741 (D. Del. Jan. 28, 2014) ....................................................................... 14

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015) ..................................................................................................... 4, 9

*Deere & Co. v. AGCO Corp.*,
  C.A. No. 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019) ..................................... 5

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
  C.A. No.18-098-MN, 2018 WL 6629709 (D. Del. Dec. 19, 2018) .................................... 12

*DSU Med. Corp. v. JMS Co., LTD.*,
  471 F.3d 1293 (Fed. Cir. 2006) ....................................................................................... 4, 11

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  363 F.3d 1263 (Fed. Cir. 2004) ........................................................................................ 4, 9

*EON Corp. IP Holdings LLC v. Cisco Sys.*,
  36 F. Supp. 3d 912 (N.D. Cal. 2014), *aff'd per curiam*, 595 F. App'x 991
  (Fed. Cir. 2015) ................................................................................................................... 6

*Foods, LLC v. Hamilton Beach Brands, Inc.*,
  457 F. Supp. 3d 434 (D. Del. 2020) .................................................................................... 6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011) ...................................................................................... 4

*Groove Dig., Inc. v. King.com, Ltd.*,
C.A. No. 18-836-RGA, 2018 WL 6168615 (D. Del. Nov. 26, 2018) ................................ 13

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016) .................................................................................... 5

*Horatio Wash. Depot Techs. LLC v. Tolmar, Inc.*,
No. 17-cv-01086-LPS, 2018 U.S. Dist. LEXIS 187074 (D. Del. Nov. 1,
2018) ........................................................................................................ 7

*IP Commc'n Sols., LLC v. Viber Media (USA) Inc.*,
C.A. No. 16-134-GMS, 2017 WL 1312942 (D. Del. Apr. 5, 2017) ................................. 11

*LoganTree LP v. Omron Healthcare, Inc.*,
C.A. No. 18-1617-MN, 2019 WL 4538730 (D. Del. Sept. 19, 2019) ............................ 4, 9

*Mallinckrodt Inc. v. E-ZEM Inc.*,
670 F. Supp. 2d 349 (D. Del. 2009) ............................................................... 5, 9, 10

*Modern Telecom Sys., LLC v. TCL Corp.*,
No. 17-cv-00583-LPS-CJB, 2017 U.S. Dist. LEXIS 209717 (D. Del. Dec.
21, 2017) .................................................................................................... 8

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
C.A. No. 17-506-LPSCJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) ....................... 4, 7

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
C.A. No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014) ............................. 11

*Network Managing Solutions, LLC v. AT&T Inc.*,
No. 16-cv-00295-RGA, 2017 U.S. Dist. LEXIS 19274 (D. Del. Feb. 3,
2017) ........................................................................................................ 8

*Swirlate IP LLC v. Keep Trucking, Inc.*,
2021 U.S. Dist. LEXIS 140631 (D. Del. Jul. 28, 2021) .................................... 6, 7

*Uniloc 2017, LLC v. ZenPayroll*,
No. 19-cv-01075-CFC-SRF, 2020 U.S. Dist. LEXIS 130261 (D. Del. Jul.
23, 2020) .................................................................................................... 8

*Valinge Innovation AB v. Halstead New Eng. Corp.*,
C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) .................. 5, 12

*Varian Med. Sys., Inc. v. Elekta AB*,
2016 WL 3748772 (D. Del. July 12, 2016) ......................................................... 9

*VLSI Tech., LLC v. Intel Corp.*,
    C.A. No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) .................................... 5

*Weisner v. Google LLC*,
    2021 U.S. Dist. LEXIS 1024 (S.D.N.Y. Jan. 4, 2021) ........................................................ 6

*Xpoint Techs., Inc. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010) ................................................................................ 10

*ZapFraud, Inc. v. Fantasia Networks, Inc.*,
    C.A. No. 19-1687-CFCCJB, 2021 WL 1134687 (D. Del. Mar. 24, 2021) ................*passim*

**Statutes**

35 U.S.C. § 271(a) ................................................................................................................. 3

35 U.S.C. § 271(b) ................................................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ........................................................................................................... 3

Rule 12(b)(6) ......................................................................................................................... 3

# I. NATURE AND STAGE OF THE PROCEEDINGS

On October 7, 2021, Plaintiff Cedar Lane Technologies Inc. ("Cedar Lane") filed this lawsuit accusing Defendant Fantasia Trading LLC d/b/a AnkerDirect ("Fantasia") of infringing U.S. Patent Nos. 6,972,790 (the "'790 Patent"), 8,165,867 (the "'867 Patent"), and 8,537,242 (the "'242 Patent"). Fantasia was served on October 8, 2021 and obtained an extension until November 29, 2021 to respond to the Complaint. (D.I. 6, 7.)

# II. SUMMARY OF ARGUMENT

First, the Complaint fails to state a plausible claim of direct infringement against Fantasia. There are no alleged facts showing *how* the accused products satisfy each claim element at least regarding the '242 Patent and '790 Patent. It is not enough to provide conclusory allegations pleaded on information and belief that parrot the patent claim language. Moreover, regarding the '867 Patent, because the Complaint demonstrates that the accused product does not practice all the recited steps, there can be no direct infringement.

Second, the Complaint does not support a plausible inference of knowledge of any alleged infringement or even any knowledge of the existence of the patents-in-suit. Indeed, Cedar Lane fails to plead sufficient facts from which to plausibly infer that Fantasia knew that (i) the patents-in-suit existed before the Complaint, (ii) any allegedly infringing acts occurred, or (iii) that a third party's acts infringed the patents-in-suit. Cedar Lane's reliance on the service of its Complaint to constitute actual knowledge of infringement contradicts the case law in this Court. Further, Cedar Lane's conclusory reference to product literature and online materials does not support an inference of a specific intent to encourage another's infringement nor does it support an inference that Fantasia knew that its products would have infringed the patents-in-suit when used by third parties. These defects are fatal to Cedar Lane's claims for induced infringement.

Third, the Complaint fails to state a plausible claim for willful infringement based enhanced damages against Fantasia. Besides the fact that the Complaint does not even mention "willful infringement," there is also no allegation that Fantasia had pre-suit knowledge of the patents-in-suit, and there are no alleged facts that would support an inference that Fantasia committed deliberate or intentional infringement.

## III. STATEMENT OF THE RELEVANT FACTS

Cedar Lane accuses Fantasia of infringing at least Claims 1 and 8 the '242 Patent, claim 1 of the '867 Patent, and claim 1 of the '790 Patent. *See, e.g.*, D.I.1-4, 1-5, 1-6.

Cedar Lane's allegations regarding Fantasia's knowledge of any infringement of the patents-in-suit are premised on a single assertion that "[t]he service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here." *See* D.I.1, ¶¶ 15, 24, 33. This allegation of post-suit knowledge is the basis for Cedar Lane's claims for induced infringement. Cedar Lane does not allege that Fantasia had any knowledge of the patents-in-suit or any knowledge of alleged infringement by Fantasia or its customers prior to the filing of this lawsuit. *See id*.

Cedar Lane merely asserts that, despite the alleged knowledge acquired solely from service of the Complaint, "Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the [patents-in-suit]" and to "distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the [patents-in-suit]." *See* D.I.1, ¶¶ 16, 25, 34.

The Complaint does not mention willful infringement at all. *See, e.g.*, D.I.1.

## IV. LEGAL STANDARDS

### A. Motion to Dismiss Under Rule 12(b)(6)

To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). A complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555 (citation omitted).

### B. Direct Infringement

To state a claim of direct infringement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim(s). *See AgroFresh Inc. v. Hazel Techs.*, C.A. No. 18-1486-MN, 2019 WL 1859296, at *2 (D. Del. Apr. 25, 2019). The *Iqbal/Twombly* plausibility standard applies to allegations of direct infringement under 35 U.S.C. § 271(a). *See Atrip v. Ball Corp.*, 735 Fed. Appx. 708, 714 n.4 (Fed. Cir. 2018). To satisfy *Iqbal/Twombly*, a plaintiff "needs to have pleaded facts that plausibly indicate that [the defendant's] accused products practice each of the limitations found in the … asserted claims. … After all, if it is not plausible, after reading a complaint, that the accused infringer's product reads on a limitation in the one

asserted claim from a patent-in-suit, then it is not plausible that the accused infringer actually infringes the patent claim (or the patent)." *N. Star Innovations, Inc. v. Micron Tech., Inc.*, C.A. No. 17-506-LPSCJB, 2017 WL 5501489, at *1 (D. Del. Nov. 16, 2017), *report and recommendation adopted*, 2018 WL 11182741 (D. Del. Jan. 3, 2018).

### C.  Induced Infringement

35 U.S.C. § 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."  There can be no induced infringement without underlying direct infringement.  *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004).  Further, the Supreme Court has explained that induced infringement under Section 271(b) requires knowledge of the existence of the patent that is infringed.  *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926-28 (2015) (liability under Section 271(b) "can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement'") (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)).  To plead a claim for induced infringement, a plaintiff must plausibly allege facts sufficient to demonstrate: (1) knowledge of the existence of the patent; (2) direct infringement by another; (3) specific intent to induce the infringement; and (4) culpable conduct directed to encouraging the infringement.  *See* 35 U.S.C. § 271(b); *Global-Tech*, 563 U.S. at 765-66; *DSU Med. Corp. v. JMS Co., LTD.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).

Further, a significant number of decisions in this district hold that a defendant's knowledge of (1) the existence of the patent and (2) that the third party's acts constituted infringement of the patent, must predate the filing of the complaint or at least must be contemporaneous with the purported infringement.  *See, e.g.*, *LoganTree LP v. Omron Healthcare, Inc.*, C.A. No. 18-1617-MN, 2019 WL 4538730, at *4 (D. Del. Sept. 19, 2019)

("Indirect infringement, whether it be induced or contributory, requires pleading that the defendant has knowledge of the patent."); *ZapFraud, Inc. v. Fantasia Networks, Inc.*, C.A. No. 19-1687-CFCCJB, 2021 WL 1134687, at *1 (D. Del. Mar. 24, 2021); *Mallinckrodt Inc. v. E-ZEM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009); *Boston Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 492 (D. Del. 2019) (hereafter, "Nevro").

### D.  Enhanced Damages

Section 284 of the Patent Act "gives district courts the discretion to award enhanced damages against those guilty of patent infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). Although there is no "rigid formula" for determining if enhanced damages are warranted (*id*. at 1394), "in the vast majority of patent cases filed today, claims for enhanced damages are sought based on allegations of willful misconduct— so much so that, even though the words 'willful' and 'willfulness' do not appear in § 284, plaintiffs and courts more often than not describe claims for enhanced damages brought under § 284 as 'willful infringement claims[.]'" *Deere & Co. v. AGCO Corp.*, C.A. No. 18-827-CFC, 2019 WL 668492, at *3 (D. Del. Feb. 19, 2019). "[I]n order to sufficiently plead willful infringement, [the plaintiff] must allege facts plausibly showing that as of the time of the alleged infringement, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Valinge Innovation AB v. Halstead New Eng. Corp.*, C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018); *see also VLSI Tech., LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *1 (D. Del. Mar. 26, 2019).

## V. ARGUMENT

### A. Cedar Lane Fails to Adequately Plead Direct Infringement

Regarding the '867 Patent, asserted claim 1 is a method claim. *See* D.I.1-5. Cedar Lane alleges that the Accused Product is "Eufy – Robotic Vacuum Cleaners with EufyHome App." *See id*. Cedar Lane's claim chart, however, squarely shows that the Accused Product does not perform all the steps of claim 1. *See id*. at 3-7 ("[R]mote ***Google*** Assistant server[]" is the "the distal computer system" that is "operating as a remote human-to-device command translation service provider") (emphasis added). Thus, Cedar Lane's allegations regarding the '867 Patent fail because they rely on multiple independent actors and do not allege that every claim limitation is practiced by Fantasia. *See f'real Foods, LLC v. Hamilton Beach Brands, Inc.*, 457 F. Supp. 3d 434, 437 (D. Del. 2020) ("Direct infringement of a method claim can only 'occur[ ] where all steps of [the] claimed method are performed by or [are] attributable to a single entity.'"); *Weisner v. Google LLC*, 2021 U.S. Dist. LEXIS 1024, at *3-4 (S.D.N.Y. Jan. 4, 2021) (dismissing complaint where plaintiff failed to plead the accused direct infringer practiced every limitation of asserted claims); *EON Corp. IP Holdings LLC v. Cisco Sys.,* 36 F. Supp. 3d 912, 926 (N.D. Cal. 2014) (granting summary judgment of no direct infringement by a single accused infringer where accused direct infringer did not practice all limitations of asserted claims), *aff'd per curiam*, 595 F. App'x 991 (Fed. Cir. 2015).

Regarding the '242 Patent and the '790 Patent, Cedar Lane fails to allege sufficient facts showing *how* the accused Fantasia products satisfy each claim element. *See Swirlate IP LLC v. Keep Trucking, Inc.*, 2021 U.S. Dist. LEXIS 140631, at *3–4 (D. Del. Jul. 28, 2021) (To plead a plausible claim of direct infringement, "a plaintiff must generally do more than assert that the accused product meets the claim elements; it must show ***how*** the defendant plausibly infringes by alleging some facts connecting the accused product to the claim elements.'"") (Emphasis

added).

Cedar Lane identifies asserted patent claims and accused products, but the Complaint (and the claim charts regarding '242 Patent and the '790 Patent) do not contain sufficient factual allegations that show how or why infringement is plausible. There are no alleged facts describing the ***actual*** composition, components, or other characteristics of the accused products. *See, e.g.,* D.I.1-4, 1-6 (general description of how generic technology and components work, but nothing about the concrete and specific technology and components used in the actual product). There are no photographs, references to webpages, data sheets, promotional materials, or other documents describing the accused products. And Cedar Lane makes no attempt to connect claim elements to alleged facts regarding the accused products in a way that plausibly demonstrates how each claim element is met. In short, there are no sufficiently alleged facts or exhibits that enable the Court to understand or reasonably infer the bases of Cedar Lane's direct infringement claims of the '242 Patent and the '790 Patent against Fantasia. *See, e.g.*, *Swirlate*, 2021 U.S. Dist. LEXIS 140631, at *3–6 ("In short, the Complaint does not allege how [Defendant]'s accused product performs the steps of the claim elements. Accordingly, [Plaintiff]has failed to provide [Defendant] with fair notice of the basis for [Plaintiff]'s direct infringement claims."); *Horatio Wash. Depot Techs. LLC v. Tolmar, Inc.*, No. 17-cv-01086-LPS, 2018 U.S. Dist. LEXIS 187074, at *27–32 (D. Del. Nov. 1, 2018) ("Defendants are correct that Plaintiff has not pleaded facts relating to these claim limitations, sufficient to explain why it is plausible that Defendants' product/acts satisfy those elements of the claims.")

Indeed, what Cedar Lane does in the Complaint (and the associated claim charts regarding the '242 Patent and the '790 Patent) are tantamount to parroting the claim language by referencing to generic technology and components in a conclusory fashion, and the Court does not need to take plaintiff's such conclusory statements as true. *See N. Star Innovations, Inc.*, 2017

U.S. Dist. LEXIS 189624, at *3–8 (Without more, "[t]he Court would basically just have to take Plaintiff's word for it, or assume that Plaintiff must have a good answer that it will later share when it deems the time to be right. That is not what the *Twombly/Iqbal* standard requires."). This Court has granted motions to dismiss in many comparable cases where the complaint attempted to plead direct infringement by parroting the language of the asserted patent claim in such conclusory fashion. *See, e.g.*, *Uniloc 2017, LLC v. ZenPayroll*, No. 19-cv-01075-CFC-SRF, 2020 U.S. Dist. LEXIS 130261, at *4–12 (D. Del. Jul. 23, 2020) (dismissing claim of direct infringement where complaint "parrots the language of the claim without any factual support"); *Modern Telecom Sys., LLC v. TCL Corp.*, No. 17-cv-00583-LPS-CJB, 2017 U.S. Dist. LEXIS 209717, at *3-7 (D. Del. Dec. 21, 2017) ("[S]imply parroting back the words of the claim and stating (without more) that the [accused product] infringes that claim is not helpful. That amounts to little more than a conclusory statement that 'Your product infringes my patent claim.' There needs to be *some facts* alleged that articulate *why it is plausible* that the other party's product infringes that patent claim—not just the patentee asserting, in a take-my-word-for-it fashion, that it is so.") (italics in original).

Finally, regarding all three asserted patents, in addition to the deficiencies described above, the Complaint misused "information and belief" pleading. *See* D.I.1, ¶¶ 16, 25, 34. The accused products are publicly available for purchase, yet there are no allegations in the Complaint describing any efforts by Cedar Lane to obtain and analyze product samples before Cedar Lane resorts to relying on "information and belief" pleading. Nor are there allegations that Cedar Lane searched for and reviewed publicly accessible documents describing the accused products at least regarding the '242 Patent and '790 Patent. In short, the Complaint is silent regarding any attempts by Cedar Lane to determine whether the accused products have the patented compositions. *See Network Managing Solutions, LLC v. AT&T Inc.*, No. 16-cv-

00295-RGA, 2017 U.S. Dist. LEXIS 19274, at *3 (D. Del. Feb. 3, 2017) ("The standards are public. Saying on 'information and belief' that the standards 'incorporate the fundamental technologies' covered by the patents, without more, is insufficient . . . .").

**B.      Cedar Lane Fails to Adequately Plead Induced Infringement**

Cedar Lane's allegations of induced infringement are inadequate for multiple reasons. First, as explained above, Cedar Lane has not alleged facts plausibly showing that Fantasia (or anyone) directly infringes the patents-in-suit. Second, Cedar Lane has not alleged facts plausibly showing that Fantasia had *pre-suit* knowledge of the patents-in-suit. Third, Cedar Lane has not alleged facts plausibly showing that Fantasia had the specific intent to induce infringement.

**1.      Cedar Lane's Induced Infringement Claims Fail Without Plausible Allegations of Direct Infringement**

"Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement." *Dynacore*, 363 F.3d at 1272. To support a claim for indirect infringement, a plaintiff must plead "facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d 1323, 1336 (Fed. Cir. 2012); *see also Varian Med. Sys., Inc. v. Elekta AB*, 2016 WL 3748772, at *3 (D. Del. July 12, 2016). As discussed above, the Complaint fails to state a claim for direct infringement, and thus Cedar Lane's indirect infringement claims should be dismissed.

**2.      Cedar Lane Fails to Plead Pre-Suit Knowledge of the Patents-in-Suit**

A defendant's pre-suit knowledge of the patents-in-suit is a prerequisite to claims for both induced infringement. *See Commil*, 135 S. Ct. at 1926-28; *see also LoganTree*, 2019 WL 4538730, at *4; *ZapFraud*, 2021 WL 1134687 at *1; *Mallinckrodt*, 670 F. Supp. 2d at 354 (dismissing induced infringement claim where plaintiff did not plausibly allege pre-suit

knowledge); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) (same). Here, Cedar Lane alleges only that Fantasia gained "actual knowledge" of the alleged infringement of patents-in-suit through "service of this Complaint …." D.I.1, ¶¶ 15, 24, 33. A complaint cannot itself establish pre-suit knowledge, and thus Cedar Lane's induced infringement claims must be dismissed. *See Mallinckrodt*, 670 F. Supp. 2d at 354 n.1 ("The Court is not persuaded by Plaintiffs' contention that the requisite knowledge can be established by the filing of the Plaintiffs' Complaint."); *Xpoint Techs.*, 730 F. Supp. 2d at 357 (dismissing indirect infringement claims based on allegation of knowledge of patent "at least since the date of the suit," and holding that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement.").

Further, to the extent that Cedar Lane were to contend that it has alleged infringement by Fantasia that is contemporaneous with knowledge of the patents-in-suit, that argument would directly contradict Cedar Lane's own pleading that Fantasia did not gain knowledge of the patents-in-suit until service of the Complaint. D.I.1, ¶¶ 15, 24, 33. Indeed, it appears that Cedar Lane contorted its pleadings in an attempt to make such an argument, as it alleged that "[d]espite such actual knowledge, Defendant continues to … sell … products that infringe the [patents-in-suit]. … On information and belief, Defendant has also continued … inducing end users and other to … infringe the patents-in-suit." *Id.*, ¶¶ 16, 26, 34. This allegation, made in Cedar Lane's October 7, 2021 pleading, cannot be squared with the allegation that Fantasia gained knowledge of the patents-in-suit by "service of this Complaint" on October 8, 2021. Cedar Lane could not have possibly alleged that Fantasia "continue[d]" to infringe after obtaining knowledge of the patent, because according to Cedar Lane's own allegations Fantasia did not yet have that knowledge. In addition to possibly running afoul of Cedar

Lane's Rule 11 obligations, this Court need not accept as true allegations where their "factual impossibility may be shown from the face of the pleadings." *See Twombly*, 550 U.S. at 561. Thus, induced infringement claims must be dismissed.

### 3. Cedar Lane Fails to Adequately Plead Fantasia's Specific Intent to Induce Infringement

Cedar Lane fails to plead sufficient facts alleging the specific intent required for inducement. *See DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.").

Cedar Lane's only allegation concerning specific intent is the generic assertion that Fantasia "sell[s] the [accused products] and distribute[s] product literature and website materials …." D.I.1, ¶¶ 16, 25, 34. These boilerplate allegations fail to allege specific facts regarding how the dissemination of such written materials supports an inference of a specific intent to encourage another's infringement. Simply pointing to product literature is not sufficient to support a claim of induced infringement. *See IP Commc'n Sols., LLC v. Viber Media (USA) Inc.*, C.A. No. 16-134-GMS, 2017 WL 1312942, at *4 (D. Del. Apr. 5, 2017) ("[Plaintiff] failed to adequately allege how [Defendant] provided technical support services or detailed instructions promoting the use of the [accused products] in an infringing manner."); *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc*., C.A. No. 13-2052-LPS, 2014 WL 4675316, at *6 (D. Del. Sept. 19, 2014) ("[A]bsent sufficient factual allegations as to how the Accused Products are said to infringe the patents-in-suit, assertions that a defendant provided unspecified 'training and instructions to [its] customers concerning the use of the Accused Products' are not specific enough to allege the requisite encouragement. In such a

circumstance, this type of allegation simply begs the question: 'Provided 'training and instructions' as to what?'").

Moreover, Cedar Lane provides no identifying details or underlying facts for this allegation such that it amounts to no more than a recitation of the specific intent element of inducement, which is insufficient to meet the *Twombly* pleading standard. *See Twombly*, 550 U.S. at 554-55. Courts in this district have held that similar generic identification of marketing activities are insufficient to survive a motion to dismiss. *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc*., C.A. No.18-098-MN, 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) ("As to specific intent to induce infringement, . . . the only allegation . . . is that 'Defendants induce infringement . . . through their marketing materials, brochures, product manuals, and other materials such as their website[.]'"). Cedar Lane's vague reference to general marketing activities is insufficient to plausibly support its allegation of Fantasia's specific intent.

### C.     Cedar Lane Fails to Adequately Plead Willful Infringement

To the extent Cedar Lane's pray for "damages under 35 U.S.C. § 284" and "reasonable attorneys' fees" are based on willful infringement theory, Cedar Lane fails to adequately plead willful infringement as the basis for enhanced damages under Section 284.

First, because the Complaint does not mention willful infringement at all, there can be no sufficient pleading of willful infringement. *See, e.g*., D.I.1.

Second, to state a claim for enhanced damages based on alleged willful infringement, "the patentee must allege facts in its pleading plausibly demonstrating that the accused infringer had committed subjective willful infringement as of the date of the filing of the willful infringement claim." *See Valinge*, 2018 WL 2411218, at *12; *see also ZapFraud*, 2021 WL 1134687 at *4 ("[T]he operative complaint in a lawsuit fails to state a claim for

willfulness-based enhanced damages under § 284 where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint …."); *Groove Dig., Inc. v. King.com, Ltd*., C.A. No. 18-836-RGA, 2018 WL 6168615, at *3 (D. Del. Nov. 26, 2018).  As explained above, Cedar Lane has not alleged any facts suggesting (plausibly or otherwise) that Fantasia had knowledge of the patents-in-suit prior to service of the Complaint—this is fatal to its claim for any enhanced damages based on willful infringement.

### D. The Induced Infringement and Enhanced Damages (If Any) Claims Should Be Dismissed With Prejudice

Cedar Lane's inducement infringement claims and its claim for enhanced damages (if any) should be dismissed *with prejudice*.  As this Court is aware, patent plaintiffs sometimes try to establish the defendant's requisite knowledge of the patent-in-suit by filing an amended complaint alleging that defendant gained knowledge of the patent from the first complaint and continues to infringe.  While courts in this District have sometimes approved of this practice, other courts in this District have not.  *See, e.g., Nevro*, 415 F. Supp. 3d at 491-492.  Further, the trend appears to be *against* allowing pleading a defendant's knowledge through an amended complaint.

Judge Connolly recently held that a defendant's alleged knowledge of an asserted patent cannot be based on an amended complaint that purports to point back to an earlier complaint.  *See ZapFraud*, 2021 WL 1134687 at *4 ("[T]he operative complaint in a lawsuit fails to state a claim for indirect patent infringement [or a claim for willfulness-based enhanced damages under § 284] where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit.").  As Judge Connolly noted, judges in this District have "taken different views on the issue," and "[n]either the Federal Circuit nor the Supreme Court has

addressed the issue." *Id*. at *2-3 (collecting cases at n. 1). However, in a thorough analysis, Judge Connolly noted that "[t]he purpose of a complaint is to obtain relief from an existing claim and not to *create* a claim" and that he knew of "no area of tort law other than patent infringement where courts have allowed a plaintiff to prove an element of a legal claim with evidence that the plaintiff filed the claim." *Id*. at *4 (quotation mark and citations omitted) (emphasis added).

Moreover, Judge Connolly pointed out that allowing a plaintiff to create its own claim through filing alone was contrary to "[t]he limited authority vested in our courts by the Constitution." *Id*. Further, the practice conflicts with "principles of judicial economy" because court dockets should not be used "to serve as notice boards for future legal claims for indirect infringement and enhanced damages." *Id*. Finally, Judge Connolly noted that requiring the patentee to establish pre-suit knowledge could lead to more pre-suit notice letters which might encourage parties to resolve more disputes prior to litigation. *Id*. (noting agreement with the decision and reasoning in *Callwave Communications LLC v. AT&T Mobility LLC*, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014)). This Court should adopt this holding and dismiss Cedar Lane's claims for induced infringement and enhanced damages (if any) *with prejudice*.

## VI.    CONCLUSION

For the foregoing reasons, Fantasia respectfully requests that the Court grant this Motion to Dismiss.

Dated:  November 29, 2021

By:  */s/ Zhun Lu*
Zhun Lu (#4427)
**RIMON, P.C.**
200 Continental Drive, Suite 401
Newark, DE 19713
Telephone/Facsimile: (302) 688-7566
zhun.lu@rimonlaw.com


*Of Counsel:*

Jason Xu (*Pro Hac Vice Forthcoming*)
**RIMON, P.C.**
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone/Facsimile: (202) 470-2141
jason.xu@rimonlaw.com

*Attorneys for Defendant Fantasia Trading
LLC d/b/a AnkerDirect.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 29, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

By: *<u>/s/ Cheryl Lovdahl_____</u>*